IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 3:95-335 |
| vs. | ) | |
| | ) | **REVOCATION ORDER AND** |
| Anthony Tedrick Lewis, | ) | **REMAND TO THE CUSTODY OF** |
| | ) | **THE ATTORNEY GENERAL** |
| Defendant. | ) | |
| | ) | |

Defendant Anthony Tedrick Lewis was found not guilty of bank robbery by reason of insanity by the Honorable Joseph F. Anderson, Jr. Judge Anderson granted Defendant a conditional release on February 5, 1996 and directed him to comply with certain restrictions. Defendant's conditional release was revoked on August 6, 1999 and Defendant was remanded to the custody of the United States Attorney for hospitalization. He was conditionally released on September 21, 2001.

Defendant's conditional release was again revoked on May 8, 2002. Defendant was remanded to the custody of the United States Attorney for hospitalization. Defendant was released on April 27, 2004. Defendant was revoked again on September 28, 2006, at which time the within action was reassigned from Judge Anderson to the undersigned. Defendant was remanded to the custody of the United States Attorney for hospitalization on October 6, 2006. The court subsequently conditionally released Defendant by order filed August 12, 2009. Among other things, Defendant was directed to comply with all recommendations for treatment and keep all appointments with the Orangeburg Area Mental Health Center. Defendant was directed to comply with psychiatric treatment as directed by the treatment team, to include oral and injectable psychotropic medications.

This matter came before the court by way of petition filed by Michael D. Clyburn of the United States Probation Office on December 15, 2011. Mr. Clyburn informed the court that he believed Defendant had violated the terms of his conditional release by refusing to report to the Orangeburg Area Mental Health Department for psychotropic medication as directed, and by refusing to attend mental health appointments (ECF No. 72). The court issued an arrest warrant on December 15, 2011. Defendant was arrested on December 21, 2011. Defendant appeared before United States Magistrate Judge Joseph R. McCrorey on December 21, 2011 for an initial appearance and was retained in custody. Defendant subsequently appeared before the Magistrate Judge on December 27, 2011 and waived both a preliminary hearing and detention hearing.

The court held a hearing pursuant to 18 U.S.C. § 4243(g) on December 28, 2011. Defendant was present at the hearing, represented by counsel, Federal Public Defender Allen B. Burnside. Also present was Assistant United States Attorney Julius Ness Richardson and Mr. Clyburn. The purpose of the hearing was to determine whether Defendant (1) failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment; and (2) should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

At the hearing, Mr. Clyburn recited his conversations with Doris Johnson, MA, Human Services Coordinator, with the Orangeburg Area Mental Health Center. He affirmed that Ms. Johnson's comments were consistent with a letter provided to the court dated December 13, 2011, and signed by Ms. Johnson. The letter indicates that Defendant had been compliant with his treatment plan commencing in April 2010. However, on November 17, 2011, which was a

2

scheduled appointment date, Defendant called to indicate that he would not be coming in to receive his bi-weekly injection of Risperdal Consta,[1] and that he would no longer present to the Orangeburg Area Mental Health Center for services or other medications. Defendant further missed his next scheduled appointment on December 1, 2011. The court finds the statements of Ms. Johnson contained in the December 13, 2011 letter to be reliable and corroborated by Mr. Clyburn.

Mr. Burnside informed the court that Defendant had been compliant with bi-weekly injections of 37.5 mg Risperdal and daily ingestion of 900 mg Lithium[2] until November 2011, when he refused to continue his medications and missed scheduled appointments. Mr. Burnside acknowledged that Defendant had missed injections on November 17, 2011 and December 1, 2011, and that he also had missed scheduled appointments those days. Defendant also admitted the violations and indicated a desire to return to the custody of the United States Attorney for treatment and psychiatric care. Mr. Burnside agreed that a custodial sentence for review, evaluation, and stabilization would likely be in Defendant's best interests, and requested that Defendant be returned to the Federal Medical Center in Rochester, Minnesota, where he had been previously treated.

After consideration of all the evidence, the court finds that Defendant has indeed violated the terms of his conditional release by failing to take his medications and by refusing to attend his mental

---

[1] RISPERDAL® CONSTA® (risperidone) is used for the treatment of schizophrenia and for the longer-term treatment of Bipolar I Disorder. See http://www.risperdalconsta.com/?utm_campaign=Brand%20%28Risperdal%20Consta%29%20-%20Exact&utm_source=google&utm_medium=cpc&utm_term=risperdal&utm_content=Risperdal+Consta+%28general%29+-+E|mkwid|safDLhQ3G|pcrid|7250644835 (visited December 28, 2011)

[2] Lithium is used to treat and prevent episodes of mania (frenzied, abnormally excited mood) in people with bipolar disorder (manic-depressive disorder; a disease that causes episodes of depression, episodes of mania, and other abnormal moods). See http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000531/ (visited December 28, 2011).

health appointments. The court further notes that, although there is no evidence that Defendant has harmed himself or others at this time, Defendant has previously decompensated after failing to comply with his medications. For example, in July 1999 he resisted arrest and burned down his mobile home in the process of being taken into custody. In March 2001, Defendant harmed himself in response to auditory hallucinations. Defendant was involuntarily medicated in January 2004 because it was determined he was a danger to others. In October 2006 Defendant threatened the life of a federal judge. It also appears from the record that Defendant made threats to his attending clinicians at the Federal Medical Center in Butner, North Carolina, during a period of destabilization in his symptoms. In addition, Defendant was administered involuntary medications in December 2006 after it was determined he suffered from a grave disability and the potential for dangerousness. See Risk Assessment (ECF No. 63). Based upon prior behaviors, the court finds that Defendant's continued release would create a substantial risk of bodily injury to either himself or another person or serious damage to the property of another.

Based on the evidence of record, it is hereby ORDERED and ADJUDGED that the conditional release of Defendant Anthony Tedrick Lewis is hereby revoked for failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment. The court finds that Defendant's continued release would create a substantial risk of bodily injury to either himself or another person or serious damage to the property of another.

Therefore, it is further ORDERED and ADJUDGED that Defendant is remanded to the custody of the Attorney General pursuant to 18 U.S.C. § 4243(g). Defendant shall be hospitalized in a suitable facility until such time that the director of the facility determines that Defendant has recovered from his mental disease or defect to such an extent that this conditional release under a

prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to himself or another person or serious damage to property to another. See 18 U.S.C. § 4243(f). The court recommends that Defendant be treated at the Federal Medical Center in Rochester, Minnesota, where he has been treated in the past and where staff have a familiarity with Defendant's case.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

December 29, 2011.